[L. A. No. 807. Department Two.—November 30, 1900.]

GERRY TOWLE, Respondent, v. THOMAS M. MATHEUS et al., Appellants.

ARREST—USE OF UNNECESSARY FORCE—LIABILITY OF OFFICER AND SURE-TIES.—An officer who, in making a lawful arrest, uses excessive and unnecessary force, is liable upon his official bond for damages thereby caused to the person arrested.

ID.—CONSTRUCTION OF FINDING — "WILLFUL" SHOOTING BY DEPUTY—"MALICE" NOT IMPORTED—"INTENTIONAL" ACT.—A finding that a deputy officer, in making the arrest, "willfully shot plaintiff in the back," is not to be construed as importing that the deputy acted "maliciously," and that his action was therefore extra-official, for which the officer was not liable, but is to be construed as employing the term used in its ordinary sense, and importing that the deputy "intentionally" or "willingly" shot the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion.

W. H. Savage, and Goodrich & McCutchen, for Appellants.

An officer is not liable for the extraofficial acts or misconduct of his deputies, as where the deputy goes outside the execution of his duty, or is impelled by some private motive or malice of his own. (*State v. Moore*, 19 Mo. 369[1]; Mechem on Public Officers, secs. 797, 798.) The term "willful," as used in statutes, imports an evil intent. (*Commonwealth v. Kneeland*, 20 Pick. 220; *Felton v. United States*, 96 U. S. 702; *Galvin v. Gualala Mill Co.*, 98 Cal. 270; *United States v. Britton*, 107 U. S. 668.)

F. W. Allender, and Frazier M. Sallee, for Respondent.

No penal statute is here involved, but only the construction of a finding, in which the words used are to be understood in their ordinary sense, and not in any technical sense, where the context does not require a technical sense. (Code Civ. Proc.,

---

[1] 61 Am. Dec. 563.

sec. 16; *Weill v. Kenfield*, 54 Cal. 113; *People v. Eddy*, 43 Cal. 313[2]; *Appeal of Houghton*, 42 Cal. 35; *Benkert v. Benkert*, 32 Cal. 467, 471.) An officer is liable for the misconduct of his deputy, where he assumes to act under color and by virtue of his office. (5 Am. & Eng. Ency. of Law, 634, 635; Mechem on Public Officers, sec. 798; Pol. Code, sec. 959.) An officer is liable in damages on his bond for any unnecessary force used in making an arrest. (*Rischer v. Mecham*, 11 Ohio C. C. 403; *Clancy v. Kenworthy*, 74 Iowa, 740[3]; *Thomas v. Kinkead*, 55 Ark. 502[4]; *State v. Hunter*, 106 N. C. 796; *Topeka v. Boutwell*, 53 Kan. 20; *State v. Walford*, 11 Ind. App. 392.)

CHIPMAN, C.—Action against the constable of Wilmington township, Los Angeles county, and his bondsmen to recover damages for injuring the person of plaintiff while arresting him. The trial was by the court without a jury, and plaintiff had judgment, from which defendants appeal. The arrest was made in the town of San Pedro, and the court found that at the time plaintiff was "willfully and maliciously disturbing the peace and quiet of the neighborhood," etc.; that in order "to stop his disturbance," the constable, defendant Matheus and his deputy, one Mathews, seized hold of plaintiff and placed iron nippers or handcuffs on plaintiff's wrists; that when they attempted to arrest plaintiff "he violently and with force resisted said arrest," and in order to make the arrest the constable called upon the bystanders to assist him and his deputy, and several persons responded to the call and gave their assistance; "that the plaintiff struck said Matheus in the face with his fist, whereupon said Matheus [the constable] then violently struck plaintiff over the head with a pistol covered with a scabbard, thereby cutting plaintiff's scalp and causing it to bleed profusely, and the said Mathews [the deputy] drew his pistol and willfully shot plaintiff in the back. That said Matheus and Mathews, assisted by other persons, then took plaintiff to the city jail." The arrest was made for a breach of the peace committed in the sight of the officers and without a warrant, and at the time plaintiff was a stranger to the constable and his deputy, and whatever was done by the officers was "by vir-

[2] 13 Am. Rep. 143.          [4] 29 Am. St. Rep. 68.
[3] 7 Am. St. Rep. 508.

tue of and under color of their said offices." The court further found: "That while making said arrest . . . . the said Matheus, in striking said plaintiff over the head with his said pistol, and the said Mathews, in shooting said plaintiff in the back, . . . . used excessive force, and more force than was necessary to be used by them in overcoming plaintiff's said resistance while making said arrest, and in using such excessive and unnecessary force at said time and place, acted wrongfully and negligently." The findings then describe the nature of the wound inflicted by the pistol, which was severe, and disabled plaintiff from pursuing his occupation for some time. The court then finds "that by reason of the wrongful and negligent acts of defendant Matheus as such constable, and said Mathews, as such deputy constable, in using such excessive and unnecessary force in striking and shooting said plaintiff . . . . the condition of the bond mentioned in the complaint was broken," etc.

Appellants say in their brief: "It is conceded that an officer must not use any more force than is necessary to accomplish the arrest, and if the findings had simply been to the effect that Matheus and Mathews used excessive force, then we concede that this judgment should stand, but the findings went further, and are that the said Mathews drew his pistol and 'willfully' shot plaintiff in the back," and it is hence claimed that this act of the deputy was extraofficial, for which the officer is not liable. (Citing Mechem on Public Officers, secs. 797, 798.)

Appellants' contention rests upon the assumption that the word "willfully" in the findings was used with reference to its meaning in connection with penal statutes or as implying malice. It was so used in the most of the cases cited by appellants. We do not think that the findings, when considered together, sustain appellants' contention. The court meant no more than to say that the act of the deputy was intentional, but not malicious. In one of the findings the force used by the officer and his deputy was characterized as "excessive and unnecessary," and as "wrongful and negligent." But there is nothing in the findings, when fairly interpreted, to indicate that, in the opinion of the trial court, the force used was maliciously exercised; or with any wicked intent. The plaintiff was a stranger to both the officer and his deputy, was in the commission of a

breach of the peace, and when the arrest was attempted he resisted with force, even to the extent of assaulting the officer, and requiring the assistance of bystanders to overcome his resistance. It was during this encounter, as the findings show, that the deputy fired upon the plaintiff. The shooting was unnecessary, wrongful, and negligent as the court found, and it was also "willful" as found, but we do not think it was malicious or extraofficial, and we think the court so intended to be understood.

"Words and phrases are construed according to the context and the approved usage of the language; but technical words and phrases, and such as have acquired a peculiar and appropriate meaning in law, or are defined in the succeeding sections, are to be construed according to such peculiar and appropriate meaning or definition." (Code Civ. Proc., sec. 16.) But when technical words are used, they should be given their ordinary and popular meaning unless the context shows that they are used in a technical sense. (*Weill v. Kenfield*, 54 Cal. 111.) The word "willful" is not necessarily technical, nor has it acquired a peculiar meaning in law which is universally accepted. It is used with reference to desertion in the Civil Code, section 95, and in that connection signifies intentional, which is its ordinary signification, and does not imply any malice or wrong toward the other party (*Benkert v. Benkert*, 32 Cal. 468); and the same may be said of "willful neglect of the husband to provide for his wife the common necessaries of life." (Civ. Code, sec. 105.)

"The word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or make the omission referred to." (Pen. Code, sec. 7.) We have no right to assume that the court used the word in any other sense than as the findings, considered as a whole, show that the court intended to use it; and it seems to us quite clear that the intention was to use the word in its ordinary sense.

We advise that the judgment be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.      Temple, J., McFarland, J., Henshaw, J.